IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *JAMES JONES*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *SANTANDER CONSUMER USA INC.* | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff James Jones, by his counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) The Fair Credit Reporting Act and the Fair Debt Collection Practices Act mandate that, when a creditor or a debt collector report consumer information to a consumer reporting agency, the creditor or debt collector must also report consumer disputes of that information. In the case at bar, Defendant Santander Consumer USA Inc. reported information about Mr. James Jones to consumer reporting agencies, but Defendant failed to report that Mr. Jones diputed that information. Thus, Defendant Santander Consumer USA Inc. violated the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

### Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this case because this case arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)2), the Northern District of Illinois, Eastern Division, is the proper venue because the Eastern Division is where a substantial part of the events and omissions giving rise to this action occurred.

**Parties.**

3) Plaintiff James Jones is a "consumer," as that term is defined in 15 U.S.C. § 1681a(c) and in 15 U.S.C. § 1692a(3); and James Jones resides within the Eastern Division.

4) Defendant Santander Consumer USA Inc. is a "person" as that term is defined in 15 U.S.C. § 1681a(b) ("[t]he term 'person' means any individual, partnership, corporation"). Defendant Santander Consumer USA Inc. is also a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6). *See Henson v. Santander Consumer USA Inc.*, 16-349 (U.S. S.Ct.), 01/13/17 Order Granting *Writ* of *Certiorari* only as to issue of "[w]hether a company that regularly attempts to collect debts it purchased after the debts had fallen into default is a 'debt collector' subject to the Fair Debt Collection Practices Act"; *Henson v. Santander Consumer USA Inc.*, –– U.S. ––, 137 S.Ct. 1718, 1721, 198 L.Ed.2d 177 (2017) (noting that the Court "did [not] agree to review" whether "Santander can qualify as a debt collector [ ] because it regularly acts as a third party collection agent for debts owed to others" and also "didn't agree to address" whether Santander meets the "statutory definition of the term 'debt collector'[that] encompasses those engaged 'in any business the principal purpose of which is the collection of any debts'"). Defendant Santander Consumer USA Inc. is additionally a Corporation incorporated in the State of Illinois and headquartered in Texas.

**Allegations.**

5) Since at least 2017, Defendant Santander Consumer USA has been reporting to consumer reporting agencies that Mr. Jones defaulted on a loan.

6) Mr. Jones has disputed the accuracy of Defendant Santander Consumer's information with the consumer reporting agencies; and, upon information and belief, the consumer reporting agencies forwarded Mr. Walker's disputes to Defendant.

7) Although Defendant Santander was aware that Mr. Jones disputed Defendant's reported information, upon information and belief, Defendant made the decision to continue reporting this information without any notation of the dispute.

8) "Because [Defendant] failed to report to a credit reporting agency that the debt is disputed, the plaintiff[ ] suffered a real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery*, 889 F.3d 337, 345 (2018) (citation and internal quotations omitted).

**Causes of Action.**

Count One
Fair Credit Reporting Act - 15 U.S.C. § 681s-2(b)(1)(D).

9) The Fair Credit Reporting Act, in 15 U.S.C. § 681s-2(b)(1)(D), states that, "[a]fter receiving notice [ ] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall[, ] if the investigation finds that the information is incomplete or inaccurate, report those results." Hence, "[i]f a consumer disputes the accuracy of credit information, the FCRA requires furnishers to report that fact when reporting the disputed information." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). Further, "after receiving notice of dispute, a furnisher's decision to continue reporting a disputed debt without any notation of the dispute presents a cognizable claim under § 1681s-2(b)." *Id.*, citing *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008).

10) Defendant Santander willfully violated 15 U.S.C. § 681s-2(b)(1)(D) by making the decision to continue reporting the disputed debt without any notation of Mr. Jones' dispute.

Count Two
Fair Debt Collection Practices Act   -   15 U.S.C. § 1692e(8).

11) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692e(8), prohibits debt collectors from "fail[ing] to communicate that a disputed debt is disputed."  "Despite receiving [disputes], [Defendant] still reported plaintiff['s] debts to credit reporting agencies without noting that the debt amounts were disputed.  This is a clear violation of the statute." *Evans v. Portfolio*, 889 F.3d 337, 346 (2018).

12) Defendant Santander violated 15 U.S.C. § 1692e(8) by reporting plaintiff's debt to credit reporting agencies without noting that the debt was disputed.

**Prayer for Relief.**

WHEREFORE, James Jones prays that this Court hold a trial by jury and enter judgment in his favor (and against Defendant Santander) for his actual and statutory damages, and his reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a) and 15 U.S.C. § 1692k.

          Respectfully submitted,
          Plaintiff's, James Jones', Counsel
          North & Sedgwick, L.L.C.
by:   */s/ Paúl Camarena*
          Paúl Camarena, Esq.
          500 So. Clinton, No. 132
          Chicago, IL 60607
          paulcamarena@paulcamarena.com
          (312) 493-7494